UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MARTIN DOE, as litigation guardian
for his minor child AF DOE, and
MARTIN DOE and KATHRYN DOE,
husband and wife and the marital
community comprised thereof, as
the natural parents of AF DOE, a
minor child,

            Plaintiffs,

        v.

COLVILLE SCHOOL DISTRICT #115, a
local governmental entity, KEN
EMMIL, Superintendent of Colville
School District #115, and CLAYTON
ALLEN, Fort Colville Middle School
Principal,

            Defendants.

GREETUS DOE, as litigation
guardian for her minor child JB
DOE, WASHINGTON TRUST BANK, as
trustee for any funds received by
JB DOE,

            Plaintiffs,

        v.

COLVILLE SCHOOL DISTRICT #115, a
local governmental entity, KEN
EMMIL, Superintendent of Colville
School District #115, and CLAYTON
ALLEN, Fort Colville Middle School
Principal,

            Defendants.

NO. CV-11-0033-EFS

**ORDER GRANTING
DEFENDANTS' STIPULATED
MOTION FOR PROTECTIVE
ORDER**

ORDER ~ 1

Before the Court, without oral argument, is Defendants' Motion for Protective Order, ECF No. 74, and related Motion to Expedite, ECF No. 77. Defendants request that the Court enter a protective order preventing Plaintiffs from disclosing any student educational records that may be found on Craig Figley's "old" school-issued laptop to be inspected next week. Defense counsel Michael McFarland states that both Plaintiffs' counsel have been consulted and approve and stipulate to the proposed protective order. Mr. McFarland also states that John Schlosser of the Spokane County Sheriff's Office performed a forensic examination of the "old" laptop in April 2010, and that no illegal content was found.

Based on the stipulation of the parties, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Protective Order, **ECF No. 74**, and related Motion to Expedite, **ECF No. 77**, are **GRANTED.**

2. The names of any students or former students contained in any documents exchanged in discovery in this case will be deleted from the pleadings and public documents and replaced by the designation of initials. The name and identity of the students involved will be protected from public disclosure unless otherwise required by law. Any document exchanged by the parties in this case that contains the name of any student or former student of Colville School District will be treated as "confidential" and subject to the terms of this Protective Order.

3. Colville School District will provide the Plaintiffs with access to the "old" laptop used by Craig Figley so that the Plaintiffs can make a mirror copy of the hard drive of that laptop. Any student/educational records that may be contained on that laptop will be treated as confidential and subject to this protective order.

ORDER ~ 2

4. All parties and their attorneys agree to treat all documents and information that contain the names of current or former students as confidential, except as necessary to present the parties' claims in the above-referenced case. Plaintiffs and their attorneys thereby agree not to disseminate any student names, educational records, or any information from any educational records, covered by this Order to any third-party, when and only when the specific identity is needed, except to:

a. The party(ies), their attorneys and the attorney's employees;

b. Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

c. Any person for the purpose of perfecting service of notices of deposition and/or subpoenas for trial upon student witnesses; and

d. Any other person authorized by the Court.

5. All of the foregoing persons, including the attorneys' staff persons working on this case, other than the parties' attorneys shall be shown a copy of this Order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the Order and consents to be bound by its terms.

6. Any documents that are filed with the Court or utilized as evidence will be reviewed by the party proposing the document, and the names and other identifying details of the students or former students involved will be deleted (or replaced with initials). The parties will attempt to agree to any deletions of information in advance. If the

ORDER ~ 3

parties are unable to agree on the deletion of information, the Court will be requested to review the document *in* camera and make a determination of what, if any, information should be deleted from the document.

7.   Upon completion of this litigation, all copies of the records or documents or testimony with references to students shall remain confidential, and shall continue to be kept pursuant to the above criteria.

8.   Nothing contained herein shall be construed to prejudice or limit any party's right to use the records in the taking of depositions or at trial to the extent permitted, if at all, under the rules of evidence and civil procedure.

9.   Court reporters shall be instructed to transcribe students' names by their initials only.

10.   Nothing in this Order shall prevent any party hereto from seeking modification of this Order, or from objecting to discovery which it believes to be otherwise improper.

11.   Violation of the terms of this Order, by any of the signators to this agreement, their employees, agents or experts may be subject the violator to any sanction deemed appropriate by the Court.

**IT IS SO ORDERED.**   The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this_9th___ day of January 2012.


_____
s/Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\33.stip.protective.order.1c2.wpd

ORDER ~ 4