UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTIN DOE, as litigation guardian for his minor child AF DOE, and MARTIN DOE and KATHRYN DOE, husband and wife and the marital community comprised thereof, as the natural parents of AF DOE, a minor child,<br><br>        Plaintiffs,<br><br>    v.<br><br>COLVILLE SCHOOL DISTRICT #115, a local governmental entity, KEN EMMIL, Superintendent of Colville School District #115, and CLAYTON ALLEN, Fort Colville Middle School Principal,<br><br>        Defendants. | NO. CV-11-0033-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE, DENYING PLAINTIFFS' MOTION TO SUPPLEMENT, GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING PLAINTIFFS' MOTION TO REMAND** |
| GREETUS DOE, as litigation guardian for her minor child JB DOE, WASHINGTON TRUST BANK, as trustee for any funds received by JB DOE,<br><br>        Plaintiffs,<br><br>    v.<br><br>COLVILLE SCHOOL DISTRICT #115, a local governmental entity, KEN EMMIL, Superintendent of Colville School District #115, and CLAYTON ALLEN, Fort Colville Middle School Principal,<br><br>        Defendants. | |

ORDER ~ 1

This matter comes before the Court on the following motions: Defendants Colville School District #115, Ken Emmil, and Clayton Allen's (collectively, "Defendants") Motion for Partial Summary Judgment, ECF No. 36; Plaintiffs Martin and Kathryn Doe and Greetus Doe's (collectively, "Plaintiffs") Motion to Remand, ECF No. 82; Defendants' Motions to Strike Affidavit in Opposition to Motion for Partial Summary Judgment, ECF Nos. 88 & 95; and Plaintiffs Martin and Kathryn Doe's Motion to Supplement, ECF Nos. 108 & 121. After reviewing the submissions of counsel, the record in this matter, and applicable authority, the Court is fully informed and determines that oral argument on the parties' motions is not necessary. *See* Local Rule 7.1(h)(3)(iv). For the reasons discussed below, the Court grants Defendants' motions to strike, denies Plaintiffs Martin and Kathryn Does' motion to supplement, grants Defendants' motion for partial summary judgment, and denies Plaintiffs' motion to remand.

**I.  Defendants' Motions to Strike Affidavits in Opposition to Motion for Partial Summary Judgment and Plaintiffs Martin and Kathryn Doe's Motion to Supplement**

Defendants object to two of Plaintiffs' submissions filed in response to Defendants' Motion for Partial Summary Judgment, ECF No. 36. In response, Plaintiffs Martin and Kathryn Doe move the Court for leave to supplement the record.

**A.  Objection to ECF Nos. 81-3 and 81-4**

Defendants have moved to strike Exhibits C and D to ECF No. 81, Plaintiffs' counsel F. Dayle Andersen Jr.'s affidavit in opposition to Defendants' Motion for Partial Summary Judgment. Exhibit C appears to be an excerpt from Plaintiff JB Does' recorded statement to the Stevens

ORDER ~ 2

County Sheriff's Office.  Exhibit D appears to be an excerpt from the recorded statement of Craig Figley, the Colville School District counselor who allegedly molested minor Plaintiffs JB Doe and AF Doe (hereinafter "Minor Plaintiffs").

Defendants object to these exhibits for lack of foundation under Federal Rule of Evidence 901.  Defendants note that the mere fact that Plaintiffs' counsel submitted these documents as part of his Rule 26 disclosures does not authenticate them.  Defendants further argue that Plaintiffs' counsel's statement that the exhibits in question are "true and correct copies" carries little weight because it is not based on personal knowledge.

**B.   Objection to ECF No. 92**

Defendants have also moved to strike Mr. Andersen's Supplemental Affidavit and exhibits, ECF No. 92, on the grounds that it is untimely under the Court's Scheduling Order, ECF No. 29, and Local Rules 7.1 and 56.1.  Mr. Andersen's Supplemental Affidavit was filed on January 19, 2012, ten days after the deadline for Plaintiffs' response to Defendants' partial summary judgment motion, and after Defendants filed their reply. The exhibits to the Supplemental Affidavit contain excerpts of deposition testimony and the judgment and sentence of Craig Figley as evidentiary support for Defendants' Statement of Uncontroverted Facts, ECF No. 93, which was also untimely.

Defendants object to the Supplemental Affidavit on the grounds that consideration of it would prejudice Defendants by depriving them of an opportunity to respond.  Defendants note that Plaintiffs have violated Local Rule 56.1(b) by not submitting a statement of contested facts with

1  their opposition materials.  Defendants also note that Local Rule 7.1
2  does not permit the filing of supplemental memoranda or affidavits, and
3  that Plaintiffs' filing violates the deadline set forth in Local Rule
4  7.1(d)(2).

**C. Plaintiffs' Responses and Motion to Supplement**

With regard to Defendants' authenticity objection, Plaintiffs' respond that "the issue of authenticity are [sic] expected to be resolved by records depositions currently scheduled for February 10, 2012." ECF No. 106 at 2. However, Plaintiffs have not filed anything to supplement the record in this regard following the purported February 10 deposition, and it is unclear how they expect this issue will be resolved.

With regard to Defendants' timeliness objection, Plaintiffs argue that Defendants will not be prejudiced by the consideration of this evidence because it was actually included in Defendants' initial Rule 26 disclosures. Plaintiffs' counsel supports this argument by citing to Federal Rule of Civil Procedure 1 (Federal Rules should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Plaintiffs Martin and Kathryn Doe have also filed a Motion to Supplement the Record, ECF Nos. 108 & 121,[1] which asks the Court to accept: 1) the Supplemental Affidavit; 2) Defendants' responses to Plaintiffs' request for admissions (which will be submitted "on or after" February 20, 2012); 3) the depositions of the Colville School District

---

[1] Plaintiffs filed ECF No. 108 on February 2, 2012. On February 17, 2012, Plaintiffs filed ECF No. 121, "Plaintiff Martin and Kathryn Doe's Revised Motion to Supplement."

ORDER ~ 4

and Stevens County Sheriff's Office records custodians; and 4) the Declaration of Marcus Lawson. Defendants object to this motion, arguing that it is a "back-door attempt to circumvent" both the Court's Order Denying Plaintiffs' Joint Motion to Continue Date for Plaintiffs' Response to Summary Judgment, ECF No. 98, and Order Granting Plaintiffs' Motions to Expedite and Denying Plaintiffs' Motion for Reconsideration, ECF No. 120. ECF No. 112 at 2.

**D.  Analysis**

Defendants' motion to strike ECF Nos. 81-3 and 81-4 clearly has merit. Under Rule 56, a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). And under Federal Rule of Evidence 901, evidence is only admissible if the proponent "produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Here, no authenticating evidence has been presented besides Mr. Andersen's bare assertion that the contents of the exhibits are what he contends they are. This is not sufficient to support a finding that the one-page, untitled excerpts submitted are authentic, and the Court grants Defendants' first motion to strike.

With regard to Defendants' timeliness objection, it is also clear that Plaintiffs' Supplemental Affidavit is untimely and inappropriate. Defendants have articulated a valid reason why consideration of the Supplemental Affidavit would prejudice them, and Plaintiffs' counsel has not provided any legitimate reason to excuse their late submission. Finally, the Court has already granted Plaintiffs two extensions of the response deadline, denied Plaintiffs' third request, and denied a motion

ORDER ~ 5

for reconsideration of the denial. *See* ECF Nos. 48, 56, 98 & 120. Accordingly, Defendants' second motion to strike is also granted.

## II.  Defendants' Motion for Partial Summary Judgment

### A.  Background[2]

This action arises out of the alleged abuse of Plaintiffs JB Doe and AF Doe by former Colville School District employee Craig Figley. Plaintiffs allege that Mr. Figley engaged in extensive "grooming" of the Minor Plaintiffs while on school grounds, and molested them both on and off of school grounds. In 2010, Mr. Figley pled guilty to two counts of first-degree child molestation, possession of child pornography, and first-degree attempted child molestation in Stevens County Superior Court. Stevens Cty. Sup. Ct. Case No. 10-1-00003-2.

Plaintiffs Martin and Kathryn Doe, individually and on behalf of their minor son, AF, brought suit against Colville School District #115 ("District"), Colville School District Superintendent Ken Emmil, and Fort Colville Middle School Principal Clayton Allen, for damages arising out of the sexual abuse of AF by Mr. Figley. ECF No. 2 Ex. A. Plaintiff Greetus Doe, individually and on behalf of her minor son, JB, also brought suit against the District, Mr. Emmil, and Mr. Allen, alleging that Mr. Figley sexually abused JB. CV-11-0147-EFS, ECF No. 1-3 Ex. A.

---

[2] In this factual statement, agreed facts are not supported by a citation to the record, while disputed facts are supported by a citation. The Court has not weighed the evidence or assessed credibility and has not accepted assertions made by a party that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

ORDER ~ 6

Both matters were removed to this Court. ECF No. 1; CV-11-0147-EFS, ECF No. 1. On May 23, 2011, the Court granted the parties' Joint Motion to Consolidate. ECF No. 10.

The Complaints allege that Defendants are liable for injuries inflicted upon the Minor Plaintiffs by Mr. Figley and that, at all relevant times, Mr. Figley was employed by the District as a school psychological counselor. Plaintiffs allege that 1) Defendant Colville School District was negligent in its supervision of Mr. Figley; 2) Defendants Mr. Emmil and Mr. Allen's actions violated the Minor Plaintiffs' liberty interests in violation of 42 U.S.C. § 1983; and 3) all Defendants violated the Minor Plaintiffs' right to be free from sexual discrimination in education under 20 U.S.C. § 1681 et seq. ("Title IX"). Defendants now move for partial summary judgment on Plaintiffs' § 1983 and Title IX claims.

**B.  Analysis**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. "When the moving party has carried its burden of [showing that it is entitled to judgment as a matter of law], its opponent must do more than show that there is some metaphysical doubt as to material facts. In the language of [Rule 56], the nonmoving

ORDER ~ 7

party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original).

When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.  This does not mean that a court should accept as true assertions made by the non-moving party that are flatly contradicted by the record.  *See Scott,* 550 U.S. at 380.

### i. § 1983 Claim

Plaintiffs claim that Defendants Ken Emmil and Clayton Allen violated the Minor Plaintiffs' liberty interests, rights to equal protection, and procedural and substantive due process rights.  ECF No. 2 ¶ 4.5.  Plaintiffs claim that these individual Defendants are liable for failing to protect the Minor Plaintiffs from abuse and harm and for failing to implement a "computer monitoring and blocking system" that would have prevented Mr. Figley from accessing child pornography on his school computer.  *Id.* ¶¶ 4.6-4.9.  Defendants argue that this claim must be dismissed because Plaintiffs do not meet one of the two exceptions to the general rule that state officials can not be held liable for omissions under § 1983.

To succeed on a § 1983 claim, a plaintiff must show 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.  *Tatum v. City & Cnty. of San*

ORDER ~ 8

*Francisco*, 441 F.3d 1090, 1094 (9th Cir. 2006).  "[T]he general rule is that [a] state is not liable for its omissions."  *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000).  "As a corollary, the Fourteenth Amendment typically does not impose a duty on the state to protect individuals from third parties."  *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (internal quotation omitted).  There are two exceptions to this rule: 1) when a "special relationship" exists between the plaintiff and the state (hereinafter "special relationship exception"), *see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198-202 (1989); and 2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (hereinafter "state-created danger exception"), *see L. W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996).  "If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim."  *Patel*, 648 F.3d at 972.

The special relationship exception applies when a state "takes a person into its custody and holds him there against his will."  *DeShaney*, 489 U.S. at 199-200.  The types of custody triggering this exception are "incarceration, institutionalization, or other similar restraint of personal liberty."  *Id.* at 200.  "Compulsory school attendance and *in loco parentis* status do not create "custody" under the strict standard of *DeShaney*."  *Patel*, 649 F.3d at 973.

The state-created danger exception applies when there is "affirmative conduct on the part of the state in placing the plaintiff in danger," and the state acts with "deliberate indifference" to a "known or obvious danger."  *Id.* at 974 (internal citation omitted).  Deliberate

indifference is a "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bryan Cnty. v. Brown*, 530 U.S. 397, 410 (1997). To prove that a state official acted with deliberate indifference, a plaintiff must show the person "recognize[d] the unreasonable risk and actually intend[ed] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Grubbs*, 92 F.3d at 899 (citing *Uhlrig v. Harder*, 64 F.3d 567, 573 n.8 (10th Cir. 1995)).

Here, Plaintiffs assert that Mr. Emmil and Mr. Allen are liable for their failure to protect JB and AF - an omission. These individual defendants are thus not liable for Mr. Figley's actions unless one of the two exceptions described above applies. The special relationship exception does not apply because JB and AF were not "in custody"; though Plaintiffs have not put forth this argument, the Minor Plaintiffs could arguably be considered "in custody" because Washington requires mandatory school attendance. *See* RCW § 28A.225.010(1). However, this argument is clearly foreclosed by the Ninth Circuit's recent decision in *Patel*. *See Patel*, 649 F.3d at 973.

The state-created danger exception is also inapplicable here because Plaintiffs have not presented any evidence to show that Mr. Emmil or Mr. Allen either recognized that Mr. Figley posed a risk to the Minor Plaintiffs, or actually intended to expose them to the risks he posed. Rather, Plaintiffs argue that the fact that Mr. Figley took a student away from school during the lunch hour (albeit with the student's parents' permission), "massaged" a student in his office, and had his office moved to a location near Mr. Allen's office give rise to an

inference of deliberate indifference. However, even viewing these facts in the light most favorable to Plaintiffs, they do not support an inference that the individual Defendants *recognized* the risk posed by Mr. Figley or actually *intended* to expose the Minor Plaintiffs to such risk. Accordingly, as no exception applies, Defendants Mr. Emmil and Mr. Allen can not be held liable for their alleged "omissions" under § 1983, and Defendants' motion is granted in this regard.

### ii. Title IX Claim

Plaintiffs also claim that Mr. Emmil, Mr. Allen, and the District violated the Minor Plaintiffs' rights to be free from sex discrimination in education under Title IX, 20 U.S.C. § 1681, et seq. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ." *Id.* § 1681(a). Plaintiffs may only recover damages in a Title IX suit if they can show that "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). This standard requires a showing: 1) that a student was subjected to a sexually-hostile environment or quid pro quo sexual harassment; 2) that the student provided actual notice to an "appropriate person"; and 3) that the institution's response amounted to "deliberate indifference." *See Garcia v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d. 1187, 1196 (E.D. Cal. 2009) (citing *Klemencic v. Ohio*

1  *State Univ.*, 263 F.3d 504, 510 (6th Cir. 2001)).  Liability under Title
2  IX may not be based on a *respondeat superior* theory.  *Oden v. N. Marianas*
3  *Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (citing *Gebser*, 524 U.S. at
4  285).

5      Here, for the same reasons discussed above in regard to Plaintiffs'
6  § 1983 claim, Plaintiffs have not shown any evidence that an official at
7  the District was given "actual notice" of Mr. Figley's harassment, nor
8  that Defendants' conduct amounted to "deliberate indifference" to the
9  sexual harassment the Minor Plaintiffs were experiencing.  Instead,
10 Plaintiffs simply assert that more discovery is necessary to determine
11 whether actual knowledge existed, a request the Court has twice denied.
12 Accordingly, Defendants' motion is granted in this regard as well.

13     **C.   Conclusion**

14     For the reasons stated above, the Court grants Defendants' motion
15 for partial summary judgment.  Because this ruling eliminates Plaintiffs'
16 § 1983 and Title IX claims, only Plaintiffs' state law negligence claim
17 against the District remains.

18 **III. Plaintiffs' Motion to Remand**

19     Anticipating that the Court would grant Defendants' motion for
20 partial summary judgment on their federal claims, Plaintiffs have moved
21 the Court to remand their state law negligence claim to Stevens County
22 Superior Court.  ECF No. 82.  Defendants oppose Plaintiffs' motion,
23 arguing that remand is inappropriate because 1) the Court has ruled on
24 the discovery issue involving the child pornography found on Mr. Figley's
25 laptop; 2) the parties would lose their October 29, 2012 trial date if
26 the case were remanded; and 3) Spokane County Superior Court may not be
the proper venue for this action.

ORDER ~ 12

Under 28 U.S.C. § 1367, district courts have discretion to decline to exercise supplemental jurisdiction over claims when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to retain or decline jurisdiction, a district court should consider "the values of economy, convenience, fairness, and comity." *Harrell v. 20th Cent. Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). After a careful review of the record in this matter, the Court finds that the values of economy, convenience, fairness, and comity weigh in favor of retaining jurisdiction. Accordingly, the Court denies Plaintiffs' motion to remand.

For the reasons stated above, **IT IS HEREBY ORDERED:**

1. Defendants' Motions to Strike Affidavit in Opposition to Motion for Partial Summary Judgment, **ECF Nos. 88 & 95**, are **GRANTED**.

2. Plaintiffs Martin and Kathryn Doe's Motion to Supplement, **ECF Nos. 108 & 121**, is **DENIED**.

3. Defendants' Motion for Partial Summary Judgment, **ECF No. 36**, is **GRANTED**.

4. Plaintiffs' Motion to Remand, **ECF No. 82**, is **DENIED**.

5. The February 22, 2012 hearing is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this ___21st___ day of February 2012.

                           S/ Edward F. Shea
                           EDWARD F. SHEA
                  United States District Judge

Q:\Civil\2011\33.grant.MSJ.lc2.wpd

ORDER ~ 13